Donahue, J.
It is not claimed by counsel for plaintiff in error that this cause was appealable under the provisions of the constitution of Ohio, as amended September 3, 1912. It is contended, however, that the action having been commenced in the common pleas court prior to the time these amendments to the constitution took effect, the provisions of the statute then in force regulating appeals applies to this case.
This contention is predicated upon the general schedule to the amendments to the constitution adopted September 3, 1912, which is in part as follows:
“All laws then in force, not inconsistent therewith shall continue in force until amended or repealed; provided that all cases pending in the courts on the first day of January, 1913, shall be heard and tried in the same manner and by the same procedure as is now authorized by law.”
It is unnecessary to determine at this time whether this language in the general schedule is subject to the construction contended for.by counsel for plaintiff in error, for the reason that there is a special provision in the amendments to the constitution that definitely provides when the provisions of the constitution fixing the jurisdiction of the court of appeals shall apply to cases in that court. Necessarily the special provision must obtain, even though it be in conflict with the general provision.
Section 6 of Article IV, among other things, specifically provides:
*426 “The courts of appeals shall continue the work of the respective circuit courts and all pending cases and proceedings in the circuit courts shall proceed to judgment and be determined by the respective courts of appeals, and the supreme court, as now provided by law, and cases brought into said courts of appeals after the taking effect hereof shall be subject to the provisions hereof.”
This case was brought into the court of appeals after the taking effect of the amendments to the constitution, to-wit, January 1, 1913; therefore, this specific provision in Section 6 of Article IV, that it shall be subject to the provisions of that amendment, applies, and this section of the constitution limits the jurisdiction of the courts of appeals to “appellate jurisdiction in the trial of chancery cases.”
It is further contended on the part of the plaintiff in error that, under the doctrine announced in the case of Drake et al., Trustees, v. Tucker et al., 83 Ohio St., 97, the court of appeals erred in sustaining this motion. In that case the appeal was taken from the judgment of the common pleas court to the circuit court. No objection was interposed to the manner in which the appellate jurisr diction of that court was invoked, and the cause proceeded to trial and judgment. The question of the'jurisdiction of the circuit court to hear that cause upon appeal was made for the first time in the supreme court upon the proceedings in error to reverse the judgment of the circuit court. This court held that this objection came too late; that a litigant could not be permitted to submit his cause *427 to the court in the hope of securing a more favorable judgment than the judgment secured below, and, when disappointed in that expectation, then complain in the reviewing court that the appellate jurisdiction of the circuit court had not been properly invoked.
It is true it is said in that case that this question “cannot be effectively made except by a motion to dismiss the appeal interposed in the circuit court before the trial in that court,” but it is equally true that the syllabus of every case must be construed with reference to the facts presented by the record in the case under consideration. In Drake v. Tucker judgment had been rendered by the circuit court before any objection to its jurisdiction was interposed, and the court, in using the word “trial” in the syllabus of that case, evidently .intended to include as a part of the trial not only the introduction of evidence and the argument of counsel, but also the judgment of the court upon the issues joined and submitted to it. Technically, of course, the word “trial” does not necessarily include judgment, but it is evident that the court did not use that word in any technical sense, and even if it did, no such case was presented for its consideration, and therefore the authority of that case extends only to the same state of facts presented by the record and is not controlling in this case.
The motion to dismiss in this case was interposed before judgment. The mere fact that the cause had been submitted upon its merits did not prevent that court from entertaining that motion, or, for that matter, dismissing the case sua sponte, *428 if upon consideration it reached the conclusion that it had no jurisdiction on appeal.

Judgment affirmed.

Nichols, C. J., Johnson, Newman, Jones and Matthias, JJ., concur.